CENTER FOR DISABILITY ACCESS
Raymond G. Ballister, Jr. SBN 111282
Phyl Grace, Esq., SBN 171771
Mail: PO Box 262490
San Diego, CA 92196-2490
Delivery: 9845 Erma Road, Suite 300
San Diego, CA 92131
(858) 375-7385; (888) 422-5191 fax
phylg@potterhandy.com

Attorneys for Plaintiff KATRINA MENELL

WALSH & ASSOCIATES, APC
16633 Ventura Boulevard, Suite 800
Encino, California 91436
Telephone: (818) 986-1776
Facsimile: (818) 382-2071
dwalsh@walshlawyers.com

Attorneys for Defendant, RIALTO UNIFIED SCHOOL DISTRICT

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**KATRINA MENELL,**

Plaintiffs,

vs.

**RIALTO UNIFIED SCHOOL DISTRICT;** and DOES 1 through 10, inclusive

Defendants.

CASE NO. 5:15-CV-02124-VAP-KK

**JOINT STIPULATION RE PLAINTIFF'S MOTION TO COMPEL:**

1. **SUPPLEMENTAL RESPONSES TO REQUESTS FOR ADMISSIONS;**
2. **SUPPLEMENTAL RESPONSES TO REQUESTS FOR THE PRODUCTION OF DOCUMENTS**
3. **SUPPLEMENTAL RESPONSES TO INTERROGATORIES.**
4. **VERIFICATION FOR INTERROGATORIES.**

**Date:** 6/30/16
**Time:** 10:00 a.m.

**Honorable Kenly Kiya Kato**

**Discovery cut-off:** 7/5/2016
**Pre-trial conference:** 10/17/16
**Trial:** 10/25/16

**TO DEFENDANT RIALTO UNIFIED SCHOOL DISTRICT AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE THAT at 10:00 a.m. on June 30, 2016, in Courtroom '3/4' of the above-entitled Court located at 3470 Twelfth Street, Riverside, California, Plaintiff will and hereby does move this court for an Order: Compelling defendant Rialto Unified School District (hereinafter "Defendant") to produce supplemental responses to request for admissions, requests for production of documents, interrogatories and verification. Said motion will be made on the ground that the discovery propounded is relevant to the subject matter of this action, and does not relate to privileged matters, and that the Defendant's refusal to answer is without substantial justification.

This motion is made via a joint stipulation, attached hereto, in accordance with Local Rule 37.

Dated: June 2, 2016 CENTER FOR DISABILITY ACCESS

By: /s/ Isabel Rose Masanque
ISABEL ROSE MASANQUE
Attorney for Plaintif

## I. RELEVANT FACTS

Plaintiff is a California resident with physical disabilities. Plaintiff is unable to walk or stand independently as the result of a degenerative condition called chronic bilateral split piriformis syndrome with bilateral sciatica, and uses a wheelchair for mobility. (Complaint ¶ 4.) At all times relevant herein, the District owned, controlled, maintained and/or exercised dominion over the High School and its related facilities, located at 595 South Eucalyptus Avenue in the City of Rialto, County of San Bernardino, California. (Complaint ¶ 11.) Plaintiff has visited and does visit the High School frequently, to pick up her children and meet with administrators and teachers. (Complaint ¶ 15.) Plaintiff has personally encountered architectural barriers to the High School's facilities on dates including but not limited to August 11, 2015. (Complaint ¶ 16.)

The built up curb ramps that extend into the access aisles of the designated accessible parking spaces at the High School have made, and continue to make it difficult for Plaintiff to exit/enter her vehicle, and cause her physical discomfort and fear. (Complaint ¶ 17.) The lack of an accessible service/transaction counter in the administrative office of the High School has made, and continues to make it difficult and embarrassing for Plaintiff to conduct school business and communicate with school personnel. (Complaint ¶ 18.) The nature of Defendant's discrimination constitutes an ongoing violation, and unless enjoined by this Court, will result in ongoing and irreparable injury to Plaint (Complaint ¶ 24.) Thus, Plaintiff filed the instant lawsuit.

On February 5, 2016 Plaintiff propounded a set of written discovery, including Requests for Admission, Requests for the Production of Documents and Interrogatories, which were due March 9, 2016. (Declaration of Isabel Masanque, "Masanque Dec." ¶ 2) On March 9, 2016, Defendant requested a three-week extension, which the plaintiff granted, making the responses due March 30, 2016. (Declaration of Sara Gunderson, herein after "Gunderson Dec.", ¶ 2; Exhibit 1.) On March 28, 2016, Defendant again

requested another two-week extension. However, due to upcoming mediation the plaintiff was only able to grant a one week extension, making responses due on April 6, 2016. (Gunderson Dec., ¶ 4; Exhibit 2.).

Despite being given three-weeks' worth of extensions, Defendant served unverified responses, several of which consisted on only objections. (Masanque Dec. ¶ 3.)

**1. Attempts to Meet and Confer**

As required by local rules, Plaintiff has made efforts to meet and confer with Defendant. Plaintiff sent a meet and confer letter to Defendant on May 25, 2016, setting forth why Defendant's responses to Plaintiff's written discovery were defective. (Masanque Dec. ¶ 4; Exhibit 3.) Plaintiff outlined the legal authority, explaining why the requested information is necessary and should be provided. (See Exhibit 4.) On June 1, 2016, the parties met and conferred via telephone (Masanque Dec. ¶ 6.). Defense counsel indicated that Defendant will consider providing supplemental responses to certain requests and interrogatories, but would need additional time to re-evaluate its position. (Masanque Dec. ¶ 7.) However, because the discovery cut-off in this case is on July 5, 2016, the plaintiff has no choice but to file the instant motion to preserve her right to compel supplemental responses, but will withdraw the instant motion should Defendant provide satisfactory supplemental responses.

## II. REQUESTS AND INTERROGATORIES IN DISPUTE

### A. Requests for Admissions

**<u>REQUEST FOR ADMISSION NO. 3:</u>**

Admit that YOU own, control, maintain and/or exercised dominion over the HIGH SCHOOL.

**<u>RESPONSE TO REQUEST FOR ADMISSION NO. 3:</u>**

Objection. The request is compound as phrased and fails to separately set forth each matter for which an admission is requested and thus fails to comply with FRCP 36 (a) in that it requests multiple admissions. The request is also vague, ambiguous and unintelligible as phrased.

**Plaintiff's Argument:**

As to Defendant's vague and ambiguous objection, there is no ground for an objection based on ambiguity unless the request is so ambiguous that the responding party is unable to provide, in good faith, an intelligent reply. See *Marchand v. Mercy Med. Ctr.* (9th Cir. 1994) 22 F.3d 933, 938. Such is surely not the case here, as each term used was given a proper definition.

As to the objection that the request is compound, the rule against subpart and compound questions only applies where more than a single subject is covered by a question. See Rutter Group, Civil Litigation Before Trial. Questions regarding the same subject should be answered, even though they include an "and" or an "or". See Id. This request asks only one question about one topic—namely, the nature of Defendant's interest in Rialto High School.

**Defendant's Argument in Response:**

Defendant intends to provide a supplemental response no later than June 24, 2016.

**REQUEST FOR ADMISSION NO. 4:**

Admit that the HIGH SCHOOL is a program, service or activity YOU offer to the public.

**RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

Objection. The request is compound as phrased and fails to separately set forth each matter for which an admission is requested and thus fails to comply with FRCP 36 (a) in that it requests multiple admissions. The request is also vague, ambiguous and unintelligible as phrased.

**Plaintiff's Argument:**

Please see Request for Admission No.3. Moreover, "program, service and activity" is a single legal phrase and not separate terms. Specifically, Title II of the ADA requires public entities to "operate each service, program, or activity so that the service, program, or activity, when viewed in its entirety, is readily accessible to and usable by individuals with disabilities. 28 C.F.R. § 35.150(a). That is, public entities are required to provide "program access" to the programs, services and activities which it operates. The Ninth Circuit interprets "program, service or activity" broadly, essentially encompassing everything that a public entity does. See *Barden v. City of Sacramento*, 292 F.3d 1073, 1076 (9th Cir. 2002). Therefore, a request for admission regarding the Defendant's program, service, and activity at Rialto High School essentially only relate to one topic.

**Defendant's Argument in Response:**

Defendant intends to provide a supplemental response no later than June 24, 2016.

**REQUEST FOR ADMISSION NO. 7:**

Admit that the HIGH SCHOOL's parking facilities were CONSTRUCTED and/or ALTERED after January 26, 1992.

**RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

Objection. The request is compound as phrased and fails to separately set forth each matter for which an admission is requested and thus fails to comply with FRCP 36 (a) in that it requests multiple admissions. The request is also vague, ambiguous and unintelligible as phrased as to the term "parking facilities."

**Plaintiff's Argument:**

Please see Request for Admission No.3. Here, it is unclear why the term "parking facilities" is unintelligible.

Moreover, The date of construction of a facility is relevant in any Unruh Civil Rights Act/Americans with Disabilities Act case alleging architectural barriers, such as the present case, even in cases involving public entities under Title II. 28 C.F.R.

35.151(a)(1) states that "Each facility or part of a facility constructed by, on behalf of, or for the use of a public entity shall be designed and constructed in such manner that the facility or part of the facility is readily accessible to and usable by individuals with disabilities, if the construction was commenced after January 26, 1992." Thus, the date of construction is necessary to determine if the Defendant was required to comply with this obligation on the date that the HIGH SCHOOL was constructed or altered.

**Defendant's Argument in Response:**

Defendant intends to provide a supplemental response no later than June 24, 2016.

**REQUEST FOR ADMISSION NO. 8:**

Admit that the HIGH SCHOOL's administrative office was CONSTRUCTED and/or ALTERED after January 26, 1993

**RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

Objection. The request is compound as phrased and fails to separately set forth each matter for which an admission is requested and thus fails to comply with FRCP 36 (a) in that it requests multiple admissions. The request is also vague, ambiguous and unintelligible as phrased as to the term "administrative office."

**Plaintiff's Argument:**

Please see Request for Admission No.7. Here, it is unclear why the term "administrative office" is unintelligible.

**Defendant's Argument in Response:**

Defendant intends to provide a supplemental response no later than June 24, 2016..

**REQUEST FOR ADMISSION NO. 9:**

Admit that on August 11, 2015, there was a built up curb ramp that extended into the access aisle of the designated accessible parking spaces adjacent to and bordering the pedestrian walkways serving the HIGH SCHOOL

**RESPONSE TO REQUEST FOR ADMISSION NO. 9**

Objection. This request is vague, ambiguous, over-broad and unintelligible as phrased as to the term "built up curb ramp." Subject to and without waving said objection, defendant is currently unable to admit or deny this admission as it is in the process of checking with its facilities director to determine whether the item requested was in existence on the date in question.

**Plaintiff's Argument:**

Defendant refused to provide any response whatsoever. Instead they essentially claim the defendants lack sufficient information to admit or deny. However, Defendant still must also state that a reasonable inquiry was made to obtain sufficient information, and that the information known or readily obtainable is insufficient to enable that party to admit the matter. Fed. R. Civ. P. section 36(a)(4); *Asea Inc. v. Southern Pac. Transp. Co.* (1981) 669 F.2d 1242, 1245-1246. Readily obtainable information includes information from persons and documents within the respondent's relative control. See *Bouchard v. United States* (2007) 241 F.R.D. 72, 76. Defendant has now had several weeks to consult with its "facilities director" to determine whether the barrier existed, and should now provide a supplemental response based on any further information obtained pursuant to its continuing duty to supplement.

**Defendant's Argument in Response:**

Defendant intends to provide a supplemental response no later than June 24, 2016.

**REQUEST FOR ADMISSION NO. 10:**

Admit that there is currently a built up curb ramp that extends into the access aisle of the designated accessible parking spaces adjacent to and bordering the pedestrian walkways serving the HIGH SCHOOL.

**RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

Objection. This request is vague, ambiguous, over-broad and unintelligible as phrased as to the term "built up curb ramp." Subject to and without waving said objection, defendant is currently unable to admit or deny this admission as it is in the process of checking with its facilities director to determine whether the item requested is currently in existence.

**Plaintiff's Argument:**

Please see Request for Admission No.9.

**Defendant's Argument in Response:**

Defendant intends to provide a supplemental response no later than June 24, 2016.

**REQUEST FOR ADMISSION NO. 11:**

Admit that on August 11, 2015, the public service counter in the administrative office of the High School was greater than 36 inches above finished floor.

**RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

Objection. This request is vague, ambiguous, over-broad and unintelligible as phrased as to the term "public service counter." Subject to and without waving said objection, defendant is currently unable to admit or deny this admission as it is in the process of checking with its facilities director to determine whether the item requested was in existence on the date in question.

**Plaintiff's Argument:**

Please see Request for Admission No.9.

**Defendant's Argument in Response:**

Defendant intends to provide a supplemental response no later than June 24, 2016.

**REQUEST FOR ADMISSION NO. 12:**

Admit that on August 11, 2015, there was no lowered public service counter in the administrative office of the HIGH SCHOOL designated for use by wheelchair users

**RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

Objection. This request is vague, ambiguous, over-broad and unintelligible as phrased as to the term "public service counter." It also calls for assumptions and conclusions of law that there should be a designated counter for wheelchair users. Subject to and without waving said objection, defendant is currently unable to admit or deny this admission as it is in the process of checking with its facilities director to determine whether the item requested was in existence on the date in question.

**Plaintiff's Argument:**

Please see Request for Admission No. 9.

**Defendant's Argument in Response:**

Defendant intends to provide a supplemental response no later than June 24, 2016.

**REQUEST FOR ADMISSION NO. 13:**

Admit that there is currently no public service counter with a height of less than 37 inches above finished floor in the administrative office of the HIGH SCHOOL.

**RESPONSE TO REQUEST FOR ADMISSION NO. 13:**

Objection. This request is vague, ambiguous, over-broad and unintelligible as phrased as to the term "public service counter." Subject to and without waving said objection, defendant is currently unable to admit or deny this admission as it is in the process of checking with its facilities director to determine whether the item requested is currently in existence.

**Plaintiff's Argument:**

Please see Request for Admission No.9.

**Defendant's Argument in Response:**

Defendant intends to provide a supplemental response no later than June 24, 2016.

**REQUEST FOR ADMISSION NO. 15:**

Admit that prior to the filing of PLAINTIFF'S COMPLAINT YOU did not evaluate the HIGH SCHOOL's facilities to identify access barriers for people with disabilities who use wheelchairs.

**RESPONSE TO REQUEST FOR ADMISSION NO. 15:**

Objection. The request is vague, ambiguous, over-broad and unintelligible as phrased as to the term "access barriers." Additionally the request calls for a legal conclusion and assumes facts.

**Plaintiff's Argument:**

Please see Request for Admission No.1

As to Defendant's overbroad objection, please note that while courts have the power to limit discovery that is "unduly burdensome or expensive," information may not be refused merely because a response may involve "inconvenience and expense." See *Isaac v. Shell Oil Co.* (1979) 83 F.R.D. 428, 431. In determining whether the burden or expense of the discovery outweighs its likely benefit, the court will consider the needs of the case, the amount in controversy, the importance of the issues at stake, and the importance of the discovery in resolving the issues. Fed. R. Civ. P. section 26(b)(2)(C)(iii). Given the circumstances in this matter, it is clear that the discovery is not so burdensome or expensive as to outweigh its benefits since public entities have an obligation under Title II to provide program access to its programs, services and activities, as noted above. Therefore, whether Defendant evaluated the High School to determine barriers is clearly relevant and significant to this case.

As to Defendant's legal conclusion objection, please note that under FRCP 36(1)(A), an "application of law to fact, or opinions about either" are explicitly within the scope of discovery. See also *Marchand v. Mercy Med. Ctr.* (1994) 22 F.3d 933, 937, fn. 4.

**Defendant's Argument in Response:**

Defendant maintains its objections to this request because it assumes that defendant had a legal obligation to check for access barriers after the initial construction of the school. It is also vague and ambiguous as to what access barriers plaintiff is seeking. It is tantamount to a fishing expedition, and therefore not reasonably calculated to lead to admissible evidence.

**REQUEST FOR ADMISSION NO. 17:**

Admit that it would not be an undue administrative burden to remove the parking barriers identified in PLAINTIFF'S COMPLAINT.

**RESPONSE TO REQUEST FOR ADMISSION NO. 17:**

Objection. This request is vague, ambiguous, over-broad and unintelligible as phrased as to the terms "parking barriers" and "undue administrative burden." The request potentially violates the attorney-client privilege and or attorney work product privilege. The request is unduly burdensome and thereafter is oppressive and harassing. Subject to and without waving said objection, defendant is unable to admit or deny because it does not understand what is meant by "administrative burden."

**Plaintiff's Argument:**

Please see Request for Admission No.9. Here, it is unclear why Defendant is unable to understand the term "administrative burden" since "Undue Administrative or Financial Burden" is raised as a Sixth Affirmative Defense in its Answer.

**Defendant's Argument in Response:**

Defendant intends to provide a supplemental response no later than June 24, 2016.

**REQUEST FOR ADMISSION NO. 20:**

Admit that it would not be an undue administrative burden to install a lowered counter in the administrative office of the HIGH SCHOOL.

**RESPONSE TO REQUEST FOR ADMISSION NO. 20:**

Objection. This request is vague, ambiguous, over-broad and unintelligible as phrased as to the terms "lowered counter" and "undue administrative burden." The request call for an expert opinion and legal conclusion. The request potentially violates the attorney-client privilege and or attorney work product privilege. The request is unduly burdensome and thereafter is oppressive and harassing. Subject to and without waving said objection, defendant is unable to admit or deny because it does not understand what is meant by "administrative burden."

**Plaintiff's Argument:**

Please see Request for Admission No.17.

**Defendant's Argument in Response:**

Defendant intends to provide a supplemental response no later than June 24, 2016.

**B. Requests for Production of Documents**

**REQUEST FOR PRODUCTION NO. 10:**

All DOCUMENTS in YOUR POSSESSION which refer or relate to steps YOU have taken to identify and remove barriers to accessibility of the HIGH SCHOOL's parking facilities for people with disabilities who use wheelchairs since January 26, 1992

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Objection. This request calls for speculation and assumes unfounded facts. The request also calls for an expert opinion and/or legal conclusion regarding defendant's duties to identify and/or remove alleged barriers. The request is also vague, ambiguous and unintelligible as to the terms "barriers to accessibility" and "parking facilities". The request is over-broad and unduly burdensome making it harassing and oppressive. The request as phrased also potentially violates the attorney-client privilege and/or attorney work product privilege.

**Plaintiff's Argument:**

Please see Request for Admission No.1 and No. 15.

A question which calls for speculation is one where the "answer called for is not one of fact, but a mere guess." However, the question posed here does not call for a mere guess and is fully answerable based on facts. Thus, Defendant's objection based on speculation is without merit.

Defendant's objection that the response to these requests is protected by privilege is without merit. However, if Defendant wishes to maintain this objection, please note that under Federal Rules of Civil Procedure section 26(b)(5), the party claiming privilege is required to describe the nature of the privileged information in a manner sufficient enough to allow the other parties to assess the claim. A failure to provide sufficient information may constitute a waiver of privilege. See *Ramirez v. Cty. Of Los Angeles* (2005) 231 F.R.D. 407, 410).

**Defendant's Argument in Response:**

Defendant intends to provide supplemental responses no later than June 24, 2016.

**REQUEST FOR PRODUCTION NO. 11:**

All DOCUMENTS in YOUR POSSESSION which refer or relate to steps YOU have taken to identify and remove barriers to accessibility of the HIGH SCHOOL's administrative office for people with disabilities who use wheelchairs since January 26, 1992.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Objection. This request calls for speculation and assumes unfounded facts. The request also calls for an expert opinion and/or legal conclusion regarding defendant's duties to identify and/or remove alleged barriers. The request is also vague, ambiguous and unintelligible as to the terms "barriers to accessibility" and "parking facilities". The request is over-broad and unduly burdensome making it harassing and oppressive. The request as phrased also potentially violates the attorney-client privilege and/or attorney work product privilege.

**Plaintiff's Argument:**

Please see Request for Production of Document No. 10.

**Defendant's Argument in Response:**

Defendant intends to provide supplemental responses no later than June 24, 2016.

**REQUEST FOR PRODUCTION NO. 12:**

All DOCUMENTS in YOUR POSSESION which refer or relate to complaints filed with and/or against YOU regarding accessibility barriers at the HIGH SCHOOL, including but not limited to, informal complaints and grievances, complaints with enforcement agencies and court actions.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Objection. This request is overbroad as currently phrased as to time and scope and is therefore irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. The request is also unduly burdensome and therefore harassing and oppressive. The request also further potentially violates the privacy rights of third parties and attorney-client privilege and/or attorney work product privilege.

**Plaintiff's Argument:**

Please see Request for Production of Document No. 10.

As to the privacy objection, please note that the right of privacy is not absolute bar to discovery. Courts will balance the need for the information against the right of privacy by weighing the severity of each potential invasion. See *Ragge v. MCA/Universal Studios* (1995) 165 FRD 601, 604.

**Defendant's Argument in Response:**

Defendant intends to provide supplemental responses no later than June 24, 2016.

**REQUEST FOR PRODUCTION NO. 13:**

All DOCUMENTS in YOUR POSSESSION which refer or relate to any investigation, calculation or analysis conducted by YOU regarding the feasibility of removing the barriers identified in PLAINTIFF'S COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Objection. The request is overbroad as currently phrased as to time and scope and is therefore irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. The request is also unduly burdensome and is therefore harassing and oppressive. The request also further potentially violates the privacy of third parties and the attorney-client privilege and/or attorney work product privilege. The request also calls for an expert opinion and/or testimony.

**Plaintiff's Argument:**

Please see Request for Production of Document No. 12.

**Defendant's Argument in Response:**

Defendant intends to provide supplemental responses no later than June 24, 2016.

**REQUEST FOR PRODUCTION NO. 14:**

If it is YOUR contention that it would create an undue financial burden for YOU to remove the barriers identified in PLAINTIFF'S COMPLAINT, produce all DOCUMENTS in YOUR POSSESSION supporting YOUR contention.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Objection. The request is overbroad, vague, ambiguous, and unintelligible as to the term "undue financial burden." The request also calls for an expert opinion and/or testimony. The request also calls for speculation. The request is also unduly burdensome and is therefore harassing and oppressive. The request also potentially violates the attorney-client privilege and/or attorney work product privilege.

**Plaintiff's Argument:**

Please see Request for Production of Document No. 10 and Request for Admission No. 17. Defendant has raised undue burden as an affirmative defense and should therefore produce all documents related to that defense.

**Defendant's Argument in Response:**

Defendant intends to provide supplemental responses no later than June 24, 2016.

**REQUEST FOR PRODUCTION NO. 15:**

If it is YOUR contention that it would create an undue administrative burden for YOU to remove the barriers identified in PLAINTIFF'S COMPLAINT, produce all DOCUMENTS in YOUR POSSESSION supporting YOUR contention.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Objection. The request is overbroad, vague, ambiguous, and unintelligible as to the term "undue administrative burden." The request also calls for an expert opinion and/or testimony. The request calls for speculation. The request is unduly burdensome and therefore harassing and oppressive. The request also potentially violates the attorney-client privilege and/or attorney work product privilege.

**Plaintiff's Argument:**

Please see Request for Production of Document No. 10 and Request for Admission No. 17. Defendant has raised undue burden as an affirmative defense and should therefore produce all documents related to that defense.

**Defendant's Argument in Response:**

Defendant intends to provide supplemental responses no later than June 24, 2016.

**REQUEST FOR PRODUCTION NO. 16:**

If it is YOUR contention that removal of the barriers identified in PLAINTIFF'S COMPLAINT would fundamentally alter the nature of YOUR programs, services and activities, produce all DOCUMENTS in YOUR POSSESSION supporting YOUR contention.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Objection. The request is vague, ambiguous, and unintelligible as to the term "fundamentally alter." The request also calls for an expert opinion and/or testimony. The request also calls for speculation. The request is unduly burdensome and therefore harassing and oppressive. The request also potentially violates the attorney-client privilege and/or attorney work product privilege. Furthermore the request is compound as phrased and overbroad as to time and scope.

**Plaintiff's Argument:**

Please see Request for Production of Document No. 10.

**Defendant's Argument in Response:**

Defendant intends to provide supplemental responses no later than June 24, 2016.

**REQUEST FOR PRODUCTION NO. 17:**

All DOCUMENTS in YOUR POSSESSION supporting YOUR contention, as stated in YOUR Fifth Affirmative Defense at p. 7 of YOUR Answer to the COMPLAINT that "any relief sought through Plaintiff's Complaint including but not limited to relief sought for modifications, barrier removal and/or alterations to Defendant's property would be technically infeasible."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Objection. The request also calls for an expert opinion and/or testimony. The request also calls for speculation. The request is unduly burdensome and therefore harassing and oppressive. The request also potentially violates the attorney-client privilege and/or attorney work product privilege. Furthermore, the request is compound as phrased and overbroad as to time and scope.

**Plaintiff's Argument:**

Please see Request for Production of Document No. 10.

Moreover, these requests seek information regarding an affirmative defense identified in the Answer. These are Defendant's affirmative defenses, which surely must

have been based on some facts when they were asserted. Either those facts are supported by documentation or they are not. The plaintiff has every right to seek information that supports these defenses. As such, these requests are completely objection-proof. If Defendant's wish to disavow these affirmative defenses, these requests will be mooted. However, if Defendant's wish to maintain these affirmative defenses, they must fully respond to these requests. If there are simply currently no documents in the Defendant's possession, custody and control that are responsive to this request, Defendant should clearly state so.

**Defendant's Argument in Response:**

Defendant intends to provide supplemental responses no later than June 24, 2016.

**REQUEST FOR PRODUCTION NO. 18:**

All DOCUMENTS in YOUR POSSESSION supporting YOUR contention, as stated in YOUR Tenth Affirmative Defense at p. 9 of YOUR Answer to the COMPLAINT that "any relief sought through Plaintiff's Complaint cannot be awarded as Defendant has provided alternative reasonable modifications."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Objection. The request also calls for an expert opinion and/or testimony. The request calls for speculation. The request is also unduly burdensome and is therefore harassing and oppressive. The request also further potentially violates the attorney-client privilege and/or attorney work product privilege. Furthermore, the request is compound as phrased and overbroad as to time and scope.

**Plaintiff's Argument:**

Please see Request for Production of Document No. 17.

**Defendant's Argument in Response:**

Defendant intends to provide supplemental responses no later than June 24, 2016.

### C. Interrogatories

**INTERROGATORY N0. 7:**

IDENTIFY all grievances and/or complaints filed with and/or against YOU related to the physical accessibility of the HIGH SCHOOL for people with disabilities who use wheelchairs, since January 1990.

**RESPONSE TO INTERROGA TORY NO. 7:**

Objection. The request is overbroad as to time and scope and is therefore irrelevant and not reasonably calculated to lead to admissible evidence. The request is also vague, ambiguous, and unintelligible as phrased with respect to the term "physical accessibility." The request potentially invades the rights of third parties and/or the attorney client privilege. The request is unduly burdensome and phrased and therefore harassing and oppressive.

**Plaintiff's Argument:**

Please see Request for Production of Document No. 12.

**Defendant's Argument in Response:**

Defendant intends to provide supplemental responses no later than June 24, 2016.

**INTERROGATORY NO. 8:**

DESCRIBE all steps YOU have taken since January 26, 1992 to identify accessibility barriers at the HIGH SCHOOL for people with disabilities who use wheelchairs.

**RESPONSE TO INTERROGATORY NO. 8:**

Objection. The request is overbroad as to time and scope and is therefore irrelevant and not reasonably calculated to lead to admissible evidence. The request is also vague, ambiguous, and unintelligible as phrased with respect to the term "accessibility barriers." The request assumes unfounded facts and calls for a legal conclusion regarding the du-

ties of defendant. The request calls for expert testimony and/or opinion. The request is unduly burdensome and phrased and therefore harassing and oppressive.

**Plaintiff's Argument:**

Please see Request for Production of Document No. 10 and Request for Admission No.

**Defendant's Argument in Response:**

Defendant intends to provide supplemental responses no later than June 24, 2016.

**INTERROGATORY NO. 9:**

DESCRIBE all steps YOU have taken since January 26, 1992 to remove accessibility barriers at the HIGH SCHOOL for people with disabilities who use wheelchairs.

**RESPONSE TO INTERROGATORY NO. 9:**

Objection. The request is overbroad as to time and scope and is therefore irrelevant and not reasonably calculated to lead to admissible evidence. The request is also vague, ambiguous, and unintelligible as phrased with respect to the term "accessibility barriers." The request assumes unfounded facts and calls for a legal conclusion regarding the duties of defendant. The request calls for expert testimony and/or opinion. The request is unduly burdensome and as phrased and therefore harassing and oppressive.

**Plaintiff's Argument:**

Please see Request for Production of Document No. 10 and Request for Admission No. 15.

**Defendant's Argument in Response:**

Defendant intends to provide supplemental responses no later than June 24, 2016.

**INTERROGATORY NO. 10:**

If it is YOUR contention that it would create an undue financial burden for YOU to remove the barriers identified in PLAINTIFF'S COMPLAINT, please IDENTIFY all facts that support YOUR contention, and all PERSON(S) with knowledge of such facts.

**RESPONSE TO INTERROGATORY NO. 10:**

Objection. The request is overbroad as to time and scope and is therefore irrelevant and not reasonably calculated to lead to admissible evidence. The request is also vague, ambiguous, and unintelligible as phrased with respect to the term "undue financial burden." The request assumes unfounded facts and calls for a legal conclusion regarding the duties of defendant. The request calls for expert testimony and/or opinion. The request is unduly burdensome as phrased and therefore harassing and oppressive. The request potentially violates the attorney client privilege and/or work product privilege.

**Plaintiff's Argument:**

Please see Request for Production of Document No. 15.

Defendant's objections are without merit. Contention interrogatories are specifically permitted under the federal rules. Fed. R. Civ. P. 33(a)(2). Plaintiff is entitled to know all facts that support any of Defendant's defenses and contentions. Here, Defendant has raised and undue burden defense as a Sixth Affirmative Defense.

**Defendant's Argument in Response:**

Defendant intends to provide supplemental responses no later than June 24, 2016.

**INTERROGATORY NO. 11:**

If it is YOUR contention that it would create an undue administrative burden for YOU to remove the barriers identified in PLAINTIFF'S COMPLAINT, please IDENTIFY all facts that support YOUR contention, and all PERSON(S) with knowledge of such facts.

**RESPONSE TO INTERROGATORY NO. 11:**

Objection. The request is overbroad as to time and scope and is therefore irrelevant and not reasonably calculated to lead to admissible evidence. The request is also vague, ambiguous, and unintelligible as phrased with respect to the term "undue administrative burden." The request assumes unfounded facts and calls for a legal conclusion regarding the duties of defendant. The request calls for expert testimony and/or opinion. The

request potentially violates the attorney client privilege and/or attorney work product privilege.

**Plaintiff's Argument:**

Please see Interrogatory No.10.

**Defendant's Argument in Response:**

Defendant intends to provide supplemental responses no later than June 24, 2016.

**INTERROGATORY NO. 12:**

If it is YOUR contention that removal of the barriers identified in PLAINTIFF'S COMPLAINT would fundamentally alter the nature of YOUR programs, services and activities, please IDENTIFY all facts that support YOUR contention, and all PERSON(S) with knowledge of such facts.

**RESPONSE TO INTERROGATORY NO. 12:**

Objection. The request is overbroad as to time and scope and is therefore irrelevant and not reasonably calculated to lead to admissible evidence. The request is also vague, ambiguous, and unintelligible as phrased with respect to the term "fundamentally alter." The request assumes unfounded facts and calls for a legal conclusion regarding the duties of defendant. The request calls for expert testimony and/or opinion. The request is unduly burdensome as phrased and therefore harassing and oppressive. The request potentially violates the attorney client privilege and/or attorney work product privilege. The request is also compound in violation of the Federal Rules.

**Plaintiff's Argument:**

Please see Request for Production of Document No. 10 and Interrogatory No. 10.

**Defendant's Argument in Response:**

Defendant intends to provide supplemental responses no later than June 24, 2016.

**INTERROGATORY NO. 13:**

If it is YOUR contention, as stated in YOUR Fifth Affirmative Defense at p. 7 of YOUR

Answer to the COMPLAINT that "any relief sought through Plaintiff's Complaint including but not limited to relief sought for modifications, barrier removal and/or alterations to Defendant's property would be technically infeasible", please IDENTIFY all facts that support YOUR contention, and all PERSON(S) with knowledge of such facts.

**RESPONSE TO INTERROGATORY NO. 13:**

Objection. The request is overbroad as to time and scope and is therefore irrelevant and not reasonably calculated to lead to admissible evidence. The request assumes unfounded facts and calls for a legal conclusion regarding the duties of defendant. The request calls for expert testimony and/or opinion. The request is unduly burdensome as phrased and therefore harassing and oppressive. The request potentially violates the attorney client privilege and/or attorney work product privilege.

**Plaintiff's Argument:**

Please see Request for Production of Document No. 10 and 17.

All of these objections are without merit. This interrogatory seeks information regarding an affirmative defense identified in the Answer. This is Defendant's affirmative defenses, which surely must have been based on ***some*** facts when they were asserted. The plaintiff has every right to seek information that supports these defenses. As such, these requests are completely objection-proof. If Defendant's wish to disavow these affirmative defenses, these interrogatory will be mooted. However, if Defendant's wish to maintain these affirmative defenses, they must fully respond to this interrogatory.

**Defendant's Argument in Response:**

Defendant intends to provide supplemental responses no later than June 24, 2016.

**INTERROGATORY NO. 14:**

If it is YOUR contention, as stated in YOUR Tenth Affirmative Defense at p. 9 of YOUR Answer to the COMPLAINT that "any relief sought through Plaintiff's Complaint cannot be awarded as Defendant has provided alternative reasonable modifications",

please IDENTIFY all facts that support YOUR contention, and all PERSON(S) with knowledge of such facts.

**RESPONSE TO INTERROGATORY NO. 14:**

Objection. The request is overbroad as to time and scope and is therefore irrelevant and not reasonably calculated to lead to admissible evidence. The request assumes unfounded facts and calls for a legal conclusion regarding the duties of defendant. The request calls for expert testimony and/or opinion. The request is unduly burdensome as phrased and therefore harassing and oppressive. The request potentially violates the attorney client privilege and/or attorney work product privilege.

**Plaintiff's Argument:**

Please see Interrogatory No.13 and Request for Production No. 17.

**Defendant's Argument in Response:**

Defendant intends to provide supplemental responses no later than June 24, 2016.

## III. MOTION TO COMPEL VERIFICATIONS

Additionally, Defendants have not provided verifications for it responses to interrogatories. Federal rules require that the person responding to the interrogatories sign the responses under oath. Fed. R. Civ. P. 33(b)(3).

Here, Defendant served responses to interrogatories containing substantive responses. Thus, Defendant is required to sign the responses and provide verifications. Defendant did not serve verification with their original responses. To date, Plaintiff has still not received verifications for any of Defendant's responses. (Masanque Dec., ¶ 7.) Defendant's response is ineffective and incomplete without the required verification.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court order Defendant Rialto Unified School District to provide supplemental responses to: (1) request

for admissions 3, 4, 7, 8, 9 through 13, 15, 17 and 20; (2) request for production of documents 10 through 18; (3) Interrogatories 7 through 14; and (4) Verification.

This motion will be largely or entirely obviated once defendant serves its supplemental responses to discovery, and plaintiff will withdraw its motion once those supplemental responses are served and deemed satisfactory. As of the date of this motion, however, no such responses have been served.

Dated: June 9, 2016 CENTER FOR DISABILITY ACCESS

By: /s/ Isabel Rose Masanque
ISABEL ROSE MASANQUE
Attorneys for Plaintiff

Dated: June 9, 2016 WALSH & ASSOCIATES, APC

By: /s/ Matthew Wallin
MATTHEW WALLIN
Attorneys for Defendant,
RIALTO UNIFIED SCHOOL DISTRICT