UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | EDCV 15-2124-VAP (KKx) | Date: | June 20, 2016 |
| Title: | *Katrina Menell v. Rialto Unified School District, et al.* | | |

Present: The Honorable   KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE

| DEB TAYLOR | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   Order Granting Plaintiff's Motion to Compel [Dkt. 24]

On June 9, 2016, Plaintiff Katrina Menell ("Plaintiff") filed a Motion to Compel Defendant Rialto Unified School District ("Defendant") to provide (a) supplemental responses to Requests for Admission Nos. 3, 4, 7 through 13, 15, 17, and 20; (b) supplemental responses to Requests for Production Nos. 10 through 18; (c) verified supplemental responses to Interrogatories Nos. 7 through 14; and (d) a verification for all Interrogatory responses ("Motion to Compel").  ECF Docket No. ("dkt.") 24, Joint Stipulation ("JS").  For the reasons set forth below, the Court GRANTS Plaintiff's Motion to Compel.  The hearing set for June 30, 2016 is hereby VACATED.

# I.
# BACKGROUND

On October 14, 2015, Plaintiff filed a Complaint alleging Defendant "discriminated against her on the basis of her disability, by failing and refusing to ensure the accessibility of the public facilities at Rialto High School ('High School'), in violation of federal and state anti-discrimination statutes."  Dkt. 1, Compl. at ¶ 1.

On February 5, 2016, Plaintiff served Defendant with Requests for Admission, Requests for Production, and Interrogatories.  Dkt. 24-1, Declaration of Isabel Rose Masanque in support of Motion to Compel ("Masanque Decl."), ¶ 2.

On April 6, 2016, Defendant "served unverified responses, several of which consisted of only objections." Id. at ¶ 3.  On May 25, 2016, Plaintiff's counsel sent Defendant's counsel a letter identifying the deficiencies in Defendant's responses.  Id. at ¶¶ 4-5, Ex. 3.

On June 1, 2016, Plaintiff's counsel and Defendant's counsel met and conferred.  Id. at ¶ 6.  Defendant's counsel agreed to consider providing supplemental responses, but would need additional time.  Id.

On June 9, 2016, Plaintiff filed the instant Motion to Compel.  Dkt. 24, JS.  As of June 9, 2016, Defendant had not provided any supplemental responses.  Id. at ¶ 7.  Neither party filed supplemental briefing.

The Fact Discovery Cut-Off in this action is July 5, 2016 and trial is set to begin on October 25, 2016.  See dkt. 16, Scheduling Order.

## II.
## LEGAL STANDARD

The amendments to the Federal Rules of Civil Procedure effective December 1, 2015 emphasize that "[t]he parties and the court have a collective responsibility to consider the proportionality of all discovery and consider it in resolving discovery disputes." Fed. R. Civ. P. 26 advisory committee notes (2015 amendments).  Thus, there is "a shared responsibility on all the parties to consider the factors bearing on proportionality before propounding discovery requests, issuing responses and objections, or raising discovery disputes before the courts." Salazar v. McDonald's Corp., No. 14-CV-02096-RS (MEJ), 2016 WL 736213, at *2 (N.D. Cal. Feb. 25, 2016); Goes Int'l, AB v. Dodur Ltd., No. 14-CV-05666-LB, 2016 WL 427369, at *4 (N.D. Cal. Feb. 4, 2016) (citing advisory committee notes for proposition that parties share a "collective responsibility" to consider proportionality and requiring that "[b]oth parties . . . tailor their efforts to the needs of th[e] case"); Razo v. Timec Co., Inc., No. 15-CV-03414-MEJ, 2016 WL 1623938, at *2 (N.D. Cal. Apr. 21, 2016) (same).  Moreover, "Rule 1 is amended to emphasize that just as the court should construe and administer these rules to secure the just, speedy, and inexpensive determination of every action, so the parties share the responsibility to employ the rules in the same way." Fed. R. Civ. P. 1 advisory committee notes (2015 amendments).

Federal Rule of Civil Procedure 26(b) provides that parties may obtain discovery regarding

> any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in

resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). Relevant information "need not be admissible in evidence to be discoverable." Id. A court "must limit the frequency or extent of discovery otherwise allowed" if "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C).

"[G]eneral or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections." A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) (citations omitted) (faulting defendant for making "boilerplate objections to almost every single request for production, including broad relevancy objections, objections of 'overly burdensome and harassing,' 'assumes facts not in evidence,' privacy, and attorney-client privilege/work product protection").

"A party seeking discovery may move for an order compelling an answer, . . . production, or inspection." Fed. R. Civ. P. 37(a)(3)(B)(iii), (iv). "[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer or respond." Fed. R. Civ. P. 37(a)(4).

Lastly, pursuant to Local Rule 7-12, a party's failure to oppose a motion may be deemed consent to the granting of the motion. L.R. 7-12.

### III.
### DISCUSSION

**A.    REQUESTS FOR ADMISSION**

    **1.    Relevant Law**

Federal Rule of Civil Procedure 36(a)(4) requires a party responding to requests for admission state the grounds of any objection and answer as follows:

> If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the

party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.

Id.

### 2.  Additional Background Regarding Requests For Admission Nos. 3, 4, 7-13, 17, and 20

Defendant responded with only objections to Requests for Admission Nos. 3, 4, 7 and 8 on the grounds the requests are compound, vague and ambiguous.  JS at 4-13.

In response to Requests for Admission Nos. 9, 10, 11, 12, 13, Defendant objected on the grounds the requests are vague, but stated "defendant is currently unable to admit or deny this admission as it is in the process of checking with its facilities director to determine whether the item requested was in existence on the date in question."  Id. at 8-10.

In response to Requests for Admission Nos. 17 and 20, Defendant objected on the grounds the requests are vague and ambiguous, call for an expert opinion and legal conclusion, "potentially violate[] the attorney-client privilege and or attorney work product privilege," and are unduly burdensome.  Id. at 12-13.  Defendant then responded that it is "unable to admit or deny because it does not understand what is meant by 'administrative burden.'"  Id.

Plaintiff argues Defendant's objections are meritless.  Id. at 4-13.  Defendant's sole response to Plaintiff's Motion to Compel is that it "intends to provide a supplemental response no later than June 24, 2016."  Id.

### 3.  Analysis Regarding Requests For Admission Nos. 3, 4, 7-13, 17, and 20

With respect to Requests for Admission Nos. 3, 4, 7 through 13, 17 and 20, the Court first finds Defendant's boilerplate objections and failure to timely conduct a diligent search improper.  Second, the Court deems Defendant's failure to oppose the Motion to Compel consent to granting the motion.  See L.R. 7-12.  Further, Defendant was served with the discovery requests on February 5, 2016.  There does not appear to be any justification for Defendant's failure to properly respond until almost five months later and only ten days before the discovery cut-off.

**Accordingly, Plaintiff's Motion to Compel supplemental responses without objection to Requests for Admission Nos. 3, 4, 7 through 13, 17 and 20 is GRANTED.**

### 4.  Additional Background Regarding Request For Admission No. 15

The sole Request for Admission Defendant opposes providing a supplemental response for is No. 15.  Request for Admission No. 15 states: "Admit that prior to the filing of Plaintiff's Complaint you did not evaluate the High School's facilities to identify access barriers for people with disabilities who use wheelchairs."  JS at 11.  In response to Request for Admission No. 15,

Defendant objects on the grounds the "request is vague, ambiguous, over-broad and unintelligible as phrased as to the term 'access barriers.' Additionally the request calls for a legal conclusion and assumes facts." Id. In the Joint Stipulation, Defendant stands by its objections on the grounds that the request "assumes that [D]efendant had a legal obligation to check for access barriers after the initial construction of the school." Id. at 12. Plaintiff argues the request is not so burdensome or costly as to outweigh its benefits and a request seeking an application of law to fact is within the scope of discovery. Id.

### 5. Analysis Regarding Request for Admission No. 15

Defendant's argument regarding Request for Admission No. 15 is meritless. The request solely asks whether Defendant conducted an evaluation of the High School's facilities. Whether Defendant had a legal obligation to conduct an evaluation has nothing to do with whether Defendant did, in fact, do so. Nor does the term "access barriers" render the request vague and ambiguous. If Defendant checked for some access barriers and not others, it must admit or deny in part as appropriate. See Fed. R. Civ. P. 36(a)(4).

**Accordingly, Plaintiff's Motion to Compel a supplemental response without objection to Request for Admission No. 15 is GRANTED.**

### B. REQUESTS FOR PRODUCTION

#### 1. Relevant Law

Responses to requests for production "must be complete, explicit and responsive. If a party cannot furnish details, he should say so under oath, say why and set forth the efforts he used to obtain the information. He cannot plead ignorance to information that is from sources within his control." Hash v. Cate, No. C 08-03729 MMC (DMR), 2012 WL 6043966, at *2 (N.D. Cal. Dec. 5, 2012). The requesting party "is entitled to individualized, complete responses to each of the requests . . ., accompanied by production of each of the documents responsive to the request, regardless of whether the documents have already been produced." Louen v. Twedt, 236 F.R.D. 502, 505 (E.D. Cal. 2006).

#### 2. Additional Background

Plaintiff's Requests for Production seek information relating to Defendant's efforts to identify and remove barriers to accessibility (Nos. 10, 11); prior complaints regarding accessibility (No. 12); and the feasibility and financial or administrative burden of removing any barriers to accessibility (Nos. 13-18). JS at 13-19. Defendant's Responses to Requests for Production Nos. 10 through 18 do not indicate that any documents have been produced and only provided objections on the grounds the requests call for speculation, are vague and ambiguous, call for expert opinion and/or legal conclusion, are overbroad and unduly burdensome, "potentially" violate attorney client and/or work product privileges, are overbroad as to time and scope and therefore irrelevant, and potentially invade the privacy rights of third parties. Id. Plaintiff argues

Defendant's objections are meritless.  Id.  Defendant's sole response to Plaintiff's Motion to Compel is that it "intends to provide a supplemental response no later than June 24, 2016."  Id.

### 3. Analysis

First, Defendant's boilerplate relevance and vagueness objections to each request are improper and not well-taken.  A. Farber and Partners, Inc., 234 F.R.D. at 188.  Second, the Court deems Defendant's failure to oppose the Motion to Compel consent to granting the motion.  See L.R. 7-12.  The Court notes expert analysis does not relieve Defendant of its obligation to investigate and provide information reasonably available to it.  Frontline Med. Associates, Inc. v. Coventry Health Care, 263 F.R.D. 567, 570 (C.D. Cal. 2009).  However, to the extent the request could be interpreted as requesting expert reports, Defendant will not be required to produce such reports in response to these Requests for Production.  Additionally, in light of Defendant's failure to oppose the Motion to Compel, any privacy objection does not appear to be based on any investigation or fact.[1]  Finally, to the extent Defendant withholds any documents on the grounds of attorney client privilege, it must provide a privilege log pursuant to Federal Rule of Civil Procedure 26(b)(5).

**Accordingly, the Court GRANTS Plaintiff's Motion to Compel supplemental responses to Requests for Production Nos. 10 through 18.**

### C.     INTERROGATORIES

### 1. Relevant Law

"Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath."  Fed. R. Civ. P. 33(b)(3).  "The grounds for objecting to an interrogatory must be stated with specificity.  Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure."  Fed. R. Civ. P. 33(b)(4).  Finally, responses to interrogatories must be verified.  Fed. R. Civ. P. 33(b)(5) ("The person who makes the answers must sign them, and the attorney who objects must sign any objections.").

### 2. Additional Background

Plaintiff's Interrogatories seek information relating to Defendant's efforts to identify and remove barriers to accessibility (Nos. 8, 9); prior complaints regarding accessibility (No. 7); and the feasibility and financial or administrative burden of removing any barriers to accessibility (Nos. 10-14).  JS at 20-25.  Defendant's Responses to Interrogatories only provided objections on the grounds the interrogatories call for speculation, are vague and ambiguous, call for expert opinion and/or legal conclusion, are overbroad and unduly burdensome, "potentially" violate

---

[1] The Court further notes Defendant's privacy objections could easily have been remedied with a proper protective order.

attorney client and/or work product privileges, are overbroad as to time and scope and therefore irrelevant, and potentially invade the privacy rights of third parties.  Id.  Plaintiff argues Defendant's objections are meritless.  Id.  Defendant's sole response to Plaintiff's Motion to Compel is that it "intends to provide a supplemental response no later than June 24, 2016."  Id.

### 3. Analysis

Once again, the Court finds Defendant's boilerplate relevance and vagueness objections to each interrogatory are improper and not well taken.  A. Farber and Partners, Inc., 234 F.R.D. at 188.  Second, the Court deems Defendant's failure to oppose the Motion to Compel consent to granting the motion.  See L.R. 7-12.  Further, as previously stated: (1) expert analysis does not relieve Defendant of its obligation to investigate and provide information reasonably available to it.  Frontline Med. Associates, Inc., 263 F.R.D. at 570; (2) Defendant's privacy objection does not appear to be based on any investigation or fact; and (3) to the extent Defendant withholds any information on the grounds of attorney client privilege, it must provide a privilege log pursuant to Federal Rule of Civil Procedure 26(b)(5).

**Accordingly, the Court GRANTS Plaintiff's Motion to Compel verified supplemental responses without objection to Interrogatories Nos. 7 through 14.  To the extent Defendant provided any substantive responses to other Interrogatories, the Court GRANTS Plaintiff's Motion to Compel a verification of such responses.**

## IV.
## CONCLUSION

Based upon the foregoing reasons and Plaintiff's failure to file a timely opposition, **IT IS THEREFORE ORDERED** that:

(1)   Plaintiff's Motion to Compel is **GRANTED**.[2]

(2)   ***Within seven (7) days of the date of this Order***, Defendant shall provide the following to Plaintiff:

>   (a) Supplemental responses without objection to Requests for Admission Nos. 3, 4, 7 through 13, 15, 17 and 20;
>
>   (b) Supplemental responses to Requests for Production Nos. 10 through 18;

---

[2] The Court cautions the parties that sanctions are generally mandatory where the motion is granted, or denied in its entirety.  Fed. R. Civ. P. 37(a)(5)(A) and (B).  Additionally, sanctions are available when the parties fail to adequately comply with the applicable Local Rules (e.g., Local Rule 37-1's requirement of an adequate pre-filing conference of counsel).  Local Rule 37-4.

    (c) Verified supplemental responses without objection to Interrogatories Nos. 7 through 14; and

    (d) Verification of all substantive Interrogatory responses.